| | |
|---|---|
| In the Matter of the Complaint of KINDRA LAKE TOWING, L.P. and BLACK DIAMOND MARINE EQUIPMENT, INC. for exoneration from or limitation of liability. | No. 15 C 3174 |
| ------------------------------------------------------- | Judge Thomas M. Durkin |
| In the Matter of the Complaint of FOUNDATION THEATRE GROUP, INC. for exoneration from or limitation of liability. | |

**MEMORANDUM OPINION AND ORDER**

Kindra Lake Towing, L.P., and Black Diamond Marine Equipment, Inc., bring this action under admiralty law, 46 U.S.C. § 30505, *et seq*. *See* R. 1. Kindra demise chartered[1] a barge to Black Diamond, which then demise chartered the barge to intervenor Foundation Theatre Group, Inc. The barge sank while docked at Navy Pier in Chicago. Kindra and Black Diamond seek a declaration that they are not liable for the barge accident. Foundation also seeks such a declaration regarding its potential liability. *See* R. 20. Additionally, Foundation answered Kindra and Black Diamond's complaint, asserting affirmative defenses and claims against

---

[1] A demise charter "constitutes the only form of charter that purports to invest temporary powers of ownership in the charterer." *Baker v. Raymond Int'l, Inc.,* 656 F.2d 173, 182 (5th Cir. 1981). "A 'demise charterer' [is] one who contracts for the vessel itself and assumes exclusive possession, control, command and navigation thereof [and] is treated as the owner for many purposes[.]" *Matute v. Lloyd Bermuda Lines, Ltd.,* 931 F.2d 231, 235 (3d Cir. 1991). A demise charter is "therefore tantamount to, though just short of, an outright transfer of ownership." *Guzman v. Pichirilo,* 369 U.S. 698, 701 (1962).

Kindra and Black Diamond for the following: violation of an implied warranty of seaworthiness (Counts I and V); negligence with respect to the barge's seaworthiness and docking of the barge (Counts II and VI); fraudulent misrepresentation with respect to the barge's seaworthiness (Counts III and VII); and negligent misrepresentation with respect to the barge's seaworthiness (Counts IV and VIII). *See* R. 38. Kindra and Black Diamond have moved to dismiss Foundation's implied warranty and misrepresentation claims, and the negligence claims to the extent that they concern seaworthiness—Counts I and V; III and VII; IV and VIII; paragraph 18a of Count II; and paragraph 18a of Count VI—for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 53.[2] For the following reasons, their motion is granted in part and denied in part.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

---

[2] Counts II and VI each contain a paragraph 18, which in turn include six subsections (a) through (f). Only subsection (a) of paragraph 18 of Counts II and VI concerns the seaworthiness of the barge. The remaining allegations in Counts II and VI concern Kindra and Black Diamond's action to secure the barge to Navy Pier, which are not at issue on this motion.

2

U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

Supplemental Admiralty Rule F provides a process for a "vessel owner" to seek "exoneration from [or] limitation of liability" with respect to claims regarding the vessel. Kindra and Black Diamond's complaint seeks such a declaration. Rule F also provides that the plaintiff vessel owner may seek (1) an injunction staying any already pending actions against the vessel owner, and (2) issuance of a notice to all potential claimants to file their claims in the federal action filed by the vessel owner. The Court issued such an order in this case, R. 10, and Foundation filed its answer including its claims in response.

Foundation's answer not only responds to Kindra and Black Diamond's allegations and asserts affirmative defenses, but, pursuant to subsection (5) of Rule F, also states factual allegations of its own upon which Foundation bases its claims

against Kindra and Black Diamond. Since Kindra and Black Diamond seek to dismiss Foundation's claims against them, the following recitation of background facts is taken from the allegations upon which Foundation bases those claims (with an exception noted below).

Foundation has produced a Halloween haunted house for Navy Pier several times in years past. R. 38 at 9 (¶ 2). Navy Pier wanted Foundation to produce a haunted house again in 2014. *Id.* Navy Pier told Foundation that the haunted house should be constructed on a barge docked to the pier, and told Foundation to charter the barge from Kindra. *Id.* (¶ 3). Kindra entered into a demise charter with Black Diamond in order for Black Diamond to then demise charter the barge to Foundation. *Id.* at 10 (¶¶ 5, 7).

Foundation did not attach its Charter Agreement with Black Diamond to its answer. But Foundation did attach the Charter Agreement to its own complaint seeking exoneration or limitation of liability. *See* R. 20-1. Although Kindra and Black Diamond caption their motion under Rule 12(b)(6), it seeks dismissal of Foundation's claims based on the affirmative defense of waiver and therefore it is really a motion for judgment on the pleadings pursuant to Rule 12(c). *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975-76 (7th Cir. 2013) ("even though district courts have granted Rule 12(b)(6) motions on the basis of affirmative defenses and this court has affirmed those dismissals, we have repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense

4

is external to the complaint").[3] Therefore, the Court finds it inconsequential that Foundation attached the Charter Agreement to its complaint, and not its answer. Both Foundation's complaint and answer are pleadings in this case such that the Charter Agreement can be considered under Rule 12. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.); *cf. Prestone Prods. Corp. v. South/Win, Ltd.*, 2013 WL 5164024, at *2 n.1 (N.D. Ill. Sept. 13, 2013) ("While the Settlement Agreement [which is, of course, a kind of contract] was not attached as an exhibit to the Complaint, it was attached as an exhibit to [the] answer so the Court may properly consider it in deciding a Rule 12(c) motion.").

Moreover, even if the Charter Agreement is actually "outside the pleadings," it nevertheless falls in the "narrow exception" permitting consideration of such documents "aimed at cases interpreting, for example, a contract." *188 LLC v. Trinity Indust., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). "It is . . . well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Yassan*, 708 F.3d at 975. Kindra and Black Diamond's complaint referenced the Charter Agreement, *see* R. 1 ¶ 7, and so did Foundation's answer in which it stated the claims at issue on this motion. *See* R. 38 at 10 (¶ 7). Thus, the Court will

---

[3] In any event, the legal standard for both rules is the same and the difference in caption does not change the Court's ruling. *See Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *see also Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (affirming district court's granting of a 12(b)(6) motion "as if it were filed as a Rule 12(c) motion").

5

consider the Charter Agreement's provisions in addressing Kindra and Black Diamond's motion.

The Charter Agreement provides the following in relevant part:

> [Foundation] understands and agrees that [Black Diamond], by tendering Delivery of the Barge to [Foundation], makes no warranty or representation, either express or implied, regarding the condition, seaworthiness or fitness of such Barge for any particular purpose. [Foundation] further agrees that by accepting Delivery of the Barge, it acknowledges that (i) [Foundation] is fully satisfied with the condition of the Barge and the fitness of the Barge for the purposes [Foundation] intends to use it, and (ii) [Foundation] thereafter shall have no right to make any claim of any kind against [Black Diamond] under any theory whatsoever (including without limitation theories or negligence, unseaworthiness, or breach of warranty) based in whole or in part on any alleged deficiency in the condition, design, fitness or suitability of the Barge and/or its equipment and/or appurtenances.

R. 20-1 at 2 (¶ 4(B)). The agreement was to be signed on behalf of Black Diamond by its general manager, Donald Campbell. *See id.* at 10. Campbell is also the general manager of Kindra. R. 38 at 10 (¶ 5).

Prior to signing the Charter Agreement, Foundation questioned Kindra and Black Diamond about the condition of a hatch on the deck of the barge. *Id.* at 10 (¶ 8). Kindra and Black Diamond assured Foundation that the hatch would not be a problem. *Id.*

Foundation also entered into a separate contract with Black Diamond and Kindra to move the barge to and from Navy Pier and to provide all necessary moorings of the barge to Navy Pier. *Id.* at 11 (¶ 9). When the barge arrived at Navy

6

Pier on September 24, 2014, Kindra and Black Diamond failed to ensure that it had a proper fender to protect the pier wall, and failed to ensure that the barge was properly secured to the pier. *Id.* (¶ 11). This led to the barge repeatedly slamming into the pier wall causing damage to the barge and the pier. *Id.* (¶ 12). Kindra oversaw installation of a new fender and re-securing of the barge to the dock on October 1, 2014, but did not inspect the barge for damage. *Id.* at 11-12 (¶ 14).

On October 31, 2014, the haunted house was cancelled due to a storm. *Id.* at 12 (¶ 15). Foundation contacted Kindra and Black Diamond to request assistance in moving the barge to a safer mooring, but no assistance was provided. *Id.* That evening the barge sank. *Id.* (¶ 16).

**Analysis**

**I.      Black Diamond**

Black Diamond argues that Foundation's negligence claim to the extent it is based on seaworthiness (Count VI (¶ 18(a)), and Foundation's implied warranty and misrepresentation claims (Counts V, VII, and VIII), should be dismissed based on the Charter Agreement's waiver clause. In opposition, Foundation contends that waiver is an affirmative defense, and "affirmative defenses do not justify dismissal under Rule 12(b)(6)," because "a complaint need not anticipate or attempt to diffuse potential defenses." R. 68 at 3.

Although Foundation is correct that plaintiffs are not required to anticipate affirmatives defenses, "if it is plain from the complaint that the [affirmative] defense is indeed a bar to the suit dismissal is proper without further pleading." *Jay*

7

*E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). And an affirmative defense—including waiver—based on a contract that is part of the pleadings is a proper basis for a motion to dismiss. *See De Lage Landen Fin. Servs., Inc. v. M.D.M. Leasing Corp.*, 2007 WL 4355037, at *2 (N.D. Ill. Dec. 10, 2007) (a contract attached to the complaint can be the basis for judgment on an affirmative defense under Rule 12); *MB Fin. Bank, N.A. v. Planet Airways, Inc.*, 2005 WL 1189597, at *1 n.1, *2-3 (N.D. Ill. May 4, 2005) (dismissing counterclaims and striking affirmative defenses based on a waiver clause in a contract that was attached to the pleadings and incorporated by reference); *see also Palan v. Commonwealth Edison Co.*, 2015 WL 1911104, at *2 (N.D. Ill. Apr. 27, 2015) (the plaintiff "extensively references the waiver in his operative complaint, anticipating the affirmative defense by conceding that he signed the waiver but alleging that his consent was neither knowing nor voluntary. Given this, the court on a Rule 12(b)(6) motion may consider the waiver itself"); *Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.,* 1998 WL 30069, at *3 (N.D. Cal. 1998) ("[W]hile the interim settlement agreement may not be 'central' to the substantive issues in [the] complaint, it clearly is central to [the plaintiff's] ability to bring this action since the agreement is a binding contract which allegedly limits the parties' right to sue. The agreement is therefore centrally relevant—and potentially dispositive—in the same way that facts indicating the existence of a statute of limitations or res judicata would be.").

Considering the Charter Agreement's waiver clause, the Court finds that Foundation waived the claims against Black Diamond that Black Diamond seeks to dismiss. It is true that under Illinois law, "a *general* release is valid [only] as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fife v. mPhase Techs., Inc*, 2014 WL 7146212, at *16 (N.D. Ill. Dec. 15, 2014) (emphasis added). This standard implicates the factual record and usually requires that the question of the scope of a general release be reserved for summary judgment. *See id.*; *see also JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 862-64 (7th Cir. 2013) (affirming summary judgment on fraud claims based on general contractual waiver); *UMB Bank, Nat'l Ass'n v. Leafs Hockey Club, Inc.*, 2015 WL 920919, at *6 (N.D. Ill. Mar. 2, 2015) (granting summary judgment on fraud claims based on general contractual waiver); *Richelieu Foods, Inc. v. New Horizon Warehouse Distrib. Ctr., Inc.*, 67 F. Supp. 3d 903, 913-14 (N.D. Ill. 2014) (same). Foundation contends that such circumstances are present here. But the Court need not address the scope of the general waiver language in the Charter Agreement, because in addition to the general waiver Foundation specifically waived claims relating to "unseaworthiness" and "breach of warranty." R. 20-1 at 2 (¶ 4(B)). These specific waivers precisely mirror Foundation's allegations that Black Diamond breached the "implied warranty of seaworthiness," R. 38 at 17 (¶ 18); made misrepresentations with respect to the barge's "seaworthiness," R. 38 at 19 (¶ 18), 20 (¶18); and was negligent so as to render the barge "unseaworthy," R. 38 at 18 (¶ 18a). Thus, Counts

V, VII, VIII, and paragraph 18a of Count VI, unambiguously fall within the scope of the Charter Agreement's waiver clause, and those claims are dismissed.

**II. Kindra**

Kindra was not a party to Foundation's Charter Agreement with Black Diamond, so unlike Foundation's claims against Black Diamond, its claims against Kindra are not barred by the Charter Agreement's waiver clause. Kindra argues, however, that this lack of privity also means that Foundation's implied warranty, misrepresentation claims, and negligence claim with respect to seaworthiness (Counts I, III, IV, and paragraph 18a of Count II) should be dismissed.

Count I alleges a breach of an implied warranty of seaworthiness. "Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty." *Voelker v. Porsche Cars N. Am., Inc.,* 353 F.3d 516, 525 (7th Cir. 2003) (citing *Rothe v. Maloney Cadillac, Inc.,* 518 N.E.2d 1028, 1029-30 (Ill. 1988)). Since Foundation does not allege that it was in privity of contract with Kindra with respect to any implied warranty of seaworthiness, its claim for breach of an implied warranty must be dismissed for lack of privity.

Foundation argues that "issues of fact exist with regard to the corporate structure between Kindra and Black Diamond," and "arguments may be developed through discovery that the knowledge of one may be imputed to the other, and that the wrongful acts of one may be imputed to the other." R. 68 at 7. Piercing the corporate veil cannot help Foundation here, however, because the Court has held that Foundation waived its implied warranty claim in the Charter Agreement with

10

Black Diamond. If Kindra is Black Diamond's alter ego, as Foundation alleges, Foundation's waiver with respect to Black Diamond would then also apply to claims against Kindra.

Counts III and IV are for fraudulent and negligent misrepresentation. These are tort actions which are "'measured by the scope of the duty owed rather than the artificial concepts of privity,'" and for which a "'lack of direct contractual relationship between the parties is not a defense.'" *F.D.I.C. v. Msarsky*, 968 F. Supp. 2d 915, 926 (N.D. Ill. 2013) (quoting *Rozny v. Marnul*, 250 N.E.2d 656, 660 (Ill. 1969)); *see also Quinn v. McGraw-Hill Cos., Inc.*, 168 F.3d 331, 335 (7th Cir. 1999) ("The Illinois Supreme Court has recognized that the tort of negligent misrepresentation extends to third parties who lack privity with the defendant[.]"); *Ga.-Pac. Corp. v. Walsh Constr. Co. of Ill.*, 2001 WL 1135855, at *2 (N.D. Ill. Sept. 26, 2001) ("[I]t is well established in Illinois that privity is not a prerequisite of fraud cases." (citing *St. Joseph Hosp. v. Corbetta Constr. Co., Inc.*, 316 N.E.2d 51, 72 (Ill. App. Ct. 1st Dist. 1974)); *Stein v. D'Amico*, 1989 WL 91874, at *3 (N.D. Ill. Aug. 8, 1989) ("In Illinois privity is not a prerequisite to recovery in fraud cases." (citing *St. Joseph Hosp.*, 316 N.E.2d at 72)). Kindra does not address this reasoning. Thus, Kindra's motion to dismiss Foundation's fraudulent and negligent misrepresentation claims (Counts III and IV) is denied.

Similarly, the Illinois Supreme Court has held that "it is axiomatic that every person owes a duty of ordinary care to all others . . . and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but

extends to remote and unknown persons." *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 973 N.E.2d 880, 887-88 (Ill. 2012). Similar to Foundation's argument in support of its claims for fraudulent and negligent misrepresentation, Kindra does not address the reasoning that privity is not required for a negligence claim. Thus, Kindra's motion to dismiss Foundation's negligence claim regarding seaworthiness (Counts II (¶ 18a)) is denied as well.

**Conclusion**

For the foregoing reasons, Black Diamond's motion to dismiss Counts V, VII, VIII, and paragraph 18a of Count VI, is granted without prejudice, Kindra's motion to dismiss Count I is granted without prejudice, and Kindra's motion to dismiss Counts III, IV, and paragraph 18a of Count II is denied. To the extent Foundation can cure the deficiencies the Court has described with respect to Counts I, V, VII, VIII, and paragraph 18a of Count VI, Foundation may file an amended pleading by December 11, 2015.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 20, 2015